IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**EMMERICH NEWSPAPERS, INC.
and HOWARD JONES**                                                                   **PLAINTIFFS**

**V.**                                             **CIVIL ACTION NO. 5:24-CV-87-CWR-BWR**

**MISSISSIPPI RIVER COMMISSION**                                                  **DEFENDANT**

## ORDER

Before the Court is the Motion for Judgment on the Pleadings [36] filed by Plaintiffs Emmerich Newspapers, Inc., and Howard Jones (collectively, the "Plaintiffs"). Defendant Mississippi River Commission ("MRC") has filed a Response [40], to which Plaintiffs have filed a Reply [42]. For the reasons to follow, the Court denies that Motion [36].

Plaintiffs argue that certain allegations of their First Amended Complaint are "not controverted" by Defendant's Answer [30]. Defendant MRC disputes that premise and points to its Answer [30] as proof. Along with specific denials, the Answer's penultimate statement is "Any allegation in Plaintiff's First Amended Complaint that has not been admitted or denied is hereby denied." Answer [30] at 8.

Rule 8(b) of the Federal Rules of Civil Procedure allows for such blanket denials. The Rule states, in relevant part, that "[a] party that intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds – may do so by a general denial." Fed. R. Civ. P. 8(b)(3). "The purpose of the Rule 8(b) pleading requirements is to ensure that, in preparation of discovery and trial, the plaintiff knows which allegations the defendant admits and which he contests." *Wigley v. Powe*, No. 2:23-CV-46-TBM-RPM, 2024 WL 5353375, at *1 (S.D. Miss. Mar. 14, 2024) (quotation marks and citation omitted). Parsing Rule 8(b)'s requirements, a sister court has stated:

> Defendants are only obligated to give reasonable notice of the allegations that they seek to put in issue: Rule 8(b) also must be read in conjunction with Rule 8(e), which makes it clear that in framing an answer a party need not adhere to any technical forms of pleading. As long as the answer gives reasonable notice of those allegations sought to be put in issue, the pleading will be effective as a denial.

*Ball v. Life Ins. Co. of N. Am.*, No. 3:17-CV-2366-L, 2017 WL 6621539, at *2 (N.D. Tex. Dec. 28, 2017) (cleaned up).

With this guidance in mind, the Court concludes that Defendant's Answer [30] is effective as a general denial. A plain reading of the Answer [30], rooted in the common sense intrinsic to Rule 8, gives "reasonable notice of the allegations that" Defendant seeks to put in issue. *See id.*

What is more, since Plaintiffs filed their Motion [36], the parties have pursued discovery to completion, and they have filed their respective cross-motions for summary judgment. *See* Mots. [48], [50]. Thus, the Motion [36] is moot.

For these reasons, the Court hereby denies Plaintiffs' Motion for Judgment on the Pleadings [36]. The Court will consider the merits of Plaintiffs' claims when it takes up the motions for summary judgment, in due course, as the Court's docket allows.

**SO ORDERED**, this the 12th day of March 2026.

> s/ Carlton W. Reeves
> UNITED STATES DISTRICT JUDGE